UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GEORGE BROOKS, JR. (DOC # 112526)

VERSUS                                                        CIVIL ACTION

JIM BROWN, ET AL                                              NUMBER 09-1015-JJB-DLD

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on February 1, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GEORGE BROOKS, JR. (DOC # 112526)

VERSUS                                          CIVIL ACTION

JIM BROWN, ET AL                                NUMBER 09-1015-JJB-DLD

MAGISTRATE JUDGE'S REPORT

Pro se plaintiff, an inmate currently confined at Livingston Parish Detention Center (LPDC), Livingston, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against LPDC Warden Jim Brown, LPDC classification officer Paul Kimble, Livingston Parish Sheriff Willie Graves, Louisiana Department of Public Safety and Corrections Secretary James M. LeBlanc and Louisiana State Penitentiary (LSP) Warden Burl Cain. Plaintiff alleged that officials at the LPDC have refused to comply with a settlement agreement entered in *George Brooks, Jr. v. Richard L. Stalder, et al*, CV 00-953-JVP-DLD, in which Department of Corrections (DOC) and LSP officials agreed to allow the plaintiff to receive sexually explicit literature while he was confined in a single man cell within the DOC facility.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733 (1992); *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 1831-32 (1989); *Hicks v. Garner*, 69 F.3d 22, 24 (5th Cir. 1995). A court may dismiss a claim as factually frivolous only if the facts are clearly

baseless, a category encompassing allegations that are fanciful, fantastic, and delusional. *Denton,* 504 U.S. at 33-34, 112 S.Ct. at 1733. Pleaded facts which are merely improbable or strange, however, are not frivolous for section 1915(d) purposes. *Id.*; *Ancar v. SARA Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992). Dismissal under 28 U.S.C. §1915(d) may be made at any time before or after service of process and before or after an answer is filed. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

Plaintiff alleged that while confined at LSP he filed a federal civil rights suit against DOC and LSP officials complaining that his First Amendment rights were being violated by a prison policy which prohibited him from possessing literature of his choice, including sexually explicit literature. Plaintiff alleged that on May 15, 2003, his civil rights complaint was settled. Plaintiff alleged that the DOC and LSP officials agreed to allow the plaintiff to possess sexually explicit written literature while he was confined to a single man cell.

Plaintiff alleged that in April 2009 he was transferred from LSP to LPDC for re-sentencing. Plaintiff alleged that LPDC officials refuse to comply with the terms of the 2003 settlement agreement entered with DOC and LSP officials.

Plaintiff does not have a constitutional right to enforce the terms of the 2003 settlement agreement entered with DOC and LSP officials on LPDC officials. LPDC is not a DOC facility.

Plaintiff named Secretary LeBlanc and Warden Cain as defendants but alleged no facts against them which rise to the level of a constitutional violation.

To be liable under § 1983, a person must either be personally involved in the acts causing the alleged deprivation of constitutional rights, or there must be a causal connection between the act of that person and the constitutional violation sought to be redressed. *Lozano v. Smith*, 718 F.2d 756 (5th Cir. 1983).

2

Because it is clear that the plaintiff's claim has no arguable basis in fact or in law, the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

## RECOMMENDATION

It is the recommendation of the magistrate judge that the plaintiff's complaint be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i).

Signed in Baton Rouge, Louisiana, on February 1, 2010.

						**MAGISTRATE JUDGE DOCIA L. DALBY**