UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

GEORGE BROOKS JR. (112526)  CIVIL ACTION
VERSUS  No.: 09-1015-JJB-DLD
JIM BROWN ET AL  DATE: FEB. 3, 2010

## OBJECTION

NOW INTO COURT COMES GEORGE BROOKS JR. (112526), PRO SE PLAINTIFF IN THE ABOVE CAPTIONED CASE NOW BEFORE THE COURT, WHO HEREBY FILES OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT OF FEBRUARY 1, 2010 AND BEGS THIS HONORABLE COURT TO CONSIDER THE FOLLOWING ERRORS, MISUNDERSTANDINGS AND CORRECTIONS TO THE FACTS CITED IN SAID REPORT:

### I

PLAINTIFF'S 1983 COMPLAINT WAS <u>INTENDED</u> TO CONVEY THE FACT THE LIVINGSTON PARISH DETENTION CENTER (LPDC) REFUSES TO ALLOW <u>ANY</u> BOOKS, MAGAZINES, NEWSPAPERS, RELIGIOUS OR LEGAL LITERATURE TO ITS PRISONERS AND/OR DETAINEES IN CLEAR AND OVERT VIOLATION OF OUR <u>FIRST AMENDMENT RIGHTS TO "READING MATERIAL!"</u>

### II.

PLAINTIFF STATED THAT THE "SETTLEMENT AGREEMENT" ENTERED INTO ON MAY 15, 2003 CONTAINED THE CLAUSE "SINGLE-MAN CELL" CUSTODY <u>SPECIFICALLY</u> TO COVER HIS ANTICIPATED RETURN TO LPDC FOR A NEW "SENTENCING PHASE" (RETRIAL) TO INSURE AN <u>UNINTERRUPTED</u> ACCESS TO READING MATERIAL UNTIL HIS <u>EVENTUAL</u> RETURN TO ANGOLA

WHERE THE "SETTLEMENT AGREEMENT" REMAINS IN EFFECT.

### III

SECRETARY LEBLANC AND WARDEN CAIN WERE INCLUDED BECAUSE, DESPITE THE JUDGE'S ORDER TO ENFORCE SETTLEMENT, THEY WERE STILL DELAYING AND/OR REFUSING TO DELIVER PLAINTIFF'S BOOK ORDERS.

AT THE TIME OF PLAINTIFF'S TRANSFER TO LPDC, LSP WAS STILL IN POSSESSION OF HIS LAST TWO BOOK ORDERS AND HAVE BEEN IGNORING ALL REQUESTS TO LOCATE AND/OR FORWARD THEM!

### IV

WHILE PLAINTIFF MAY NOT "HAVE A CONSTITUTIONAL RIGHT TO ENFORCE THE TERMS OF THE 2003 SETTLEMENT AGREEMENT ENTERED WITH DOC AND LSP OFFICIALS ON LPDC OFFICIALS" HE MAINTAINS THAT ENOUGH PRECIDENT EXISTS TO PROVE HE STILL RETAINS THE FIRST AMENDMENT RIGHT TO READ LITERATURE OF HIS CHOICE BARRING FACTUAL PROOF THAT THERE IS SUFFICIENT "PENOLOGICAL INTEREST" FOR DENIAL!

### V

THREE TIMES NOW PLAINTIFF HAS PREVAILED IN COURT OVER THIS SAME ISSUE BUT DOC AND LSP OFFICIALS HAVE MERELY "UPDATED" THEIR POLICIES IN AN EFFORT TO THWART THE COURTS' FINDINGS AND STILL HAVE THEIR WAY DESPITE A CLEAR SHOWING OF THEIR LACK OF "PENOLOGICAL INTERESTS" OR A CAUSAL REASON FOR DOING SO!

(SEE CV-98-396-C-1... CV-OQ-953-A-M3 AND 19th JDC #510,030 SEC 24)

## VI

ENCLOSED "MEMORANDUM OF LAW" (ORIGIONALLY SUBMITTED IN THE FIRST COMPLAINT) SETS FORTH SUFFICIENT PRECIDENCE TO PROVE, BEYOND A SHADOW OF A DOUBT, THAT PLAINTIFF RETAINS HIS FIRST AMENDMENT RIGHT (ABSENT HIS PERSONAL ABUSE OF SAME) TO ORDER, PURCHASE, RECEIVE, POSSESS, OWN AND RETAIN ALL BOOKS, MAGAZINES, NEWSPAPERS, RELIGIOUS AND/OR LEGAL MATERIALS AS WELL AS LITERATURE (EVEN "SEXUALLY EXPLICIT" IN WRITTEN FORM ONLY) ABSENT A LIGITIMATE GOVERNMENTAL AND/OR PENOLOGICAL INTEREST (PROVEN NOT ALLEGED),

## VII

PLAINTIFF'S INTENTION IN FILING THE INSTANT SUIT (ASKING ONLY THAT HIS FIRST AMENDMENT RIGHTS BE CONFIRMED NO MATTER WHERE HE MAY BE HELD) WAS AN EFFORT TO TRY TO CONSOLIDATE THE VARIOUS COURTS' OPINIONS OVER THIS SAME ISSUE SO AS TO AVOID THE TROUBLE, EXPENSE AND NECESSITY OF HAVING TO FILE REPETIVE COMPLAINTS EVERY TIME SOMETHING IS RECEIVED THAT MAY "OFFEND" ANY INDIVIDUAL EMPLOYEE'S PERSONAL MORAL CODE!

THEREFORE, FOR THE REASONING ABOVE, NO MATTER HOW INELEGENTLY EXPRESSED BY THE PLAINTIFF DUE TO HIS LACK OF LEGAL TRAINING AND ASSISTANCE, PLAINTIFF BELIEVES THAT A

SUFFICIENT AMOUNT OF "CAUSAL CONNECTION" EXISTS TO WARRENT A THOROUGH REVIEW OF THE MANY FACTS AND CONFLICTING STATEMENTS MADE BY THE DEFENDANTS OVER TIME AND, AT THE VERY LEAST, ALLOW THIS CASE TO BE ARGUED BEFORE THIS HONORABLE COURT TO DETERMINE THE TRUE ISSUES BEFORE DISMISSING THIS SERIOUS COMPLAINT OUT-OF-HAND!

PLAINTIFF POINTS OUT, IN CLOSING, THE FOLLOWING:
1) DEFENDANTS FAILED TO COMPLY WITH THIS COURT'S ORDER DATED JANUARY 4, 2010.
2) MAGISTRATE WAS PREMATURE IN OFFERING AN OPINION BEFORE ALL THE FACTS HAD BEEN ENTERED INTO THE RECORD (THE REQUIRED FORMS CLEARLY STATES; "THIS COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS. ALSO DO NOT INCLUDE EXHIBITS.") THEREFORE PLAINTIFF WOULD BE DEPRIVED OF HIS "DAY IN COURT" SHOULD IT BE DISMISSED BEFORE BEING PROPERLY PRESENTED FOR THE COURT'S INFORMED DECISION.

PLAINTIFF HEREBY OBJECTS TO THE MAGISTRATE'S PREMATURE AND UNTIMELY (HER OWN "30 DAY STAY" ORDER HAD NOT EXPIRED AND DEFENDANTS HAD YET TO COMPLY WITH THEIR NEXT STEP IN THE LEGAL PROCEDURE) REPORT AS WELL AS THE ERRORS CONTAINED THEREIN.

PLAINTIFF BEGS THIS HONORABLE COURT TO DISREGARD THE MAGISTRATE'S RECOMMENDATION OF DISMISSAL AND TO ALLOW THIS CASE TO BE HEARD IN ITS ENTIRETY BEFORE RENDERING ANY OFFICIAL RULING WHICH WOULD BE A FURTHER MISCARRAGE OF JUSTICE!

HE ALSO RENEWS HIS REQUEST FOR ORAL ARGUMENTS NOW THAT THE 30 DAY STAY HAS EXPIRED WITHOUT DEFENDANTS' COMPLIANCE!

I, GEORGE BROOKS JR. (112526), PRO SE PLAINTIFF IN THIS INSTANT CASE NOW BEFORE THE COURT, HEREBY CONFIRMS, SWEARS, AFIRMS AND AVOWS THAT ALL STATEMENTS IN THE FOREGOING ARE TRUE, CORRECT AND FACTUAL TO THE BEST OF MY ABILITIES AND KNOWLEDGE.

*George Brooks Jr.* (112526)

THIS DONE, SAID AND FILED ON THIS 3RD DAY OF FEB., 2010.

*George Brooks Jr.* (112526)

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

GEORGE BROOKS JR.,
    PLAINTIFF

VS.

RICHARD STALDER: SECRETARY:
LA DEPT. OF CORRECTIONS

    et al

    DEFENDANTS.

CASE NO: 98-396-C-1

JUDGE: _____

DATE: _____

## CITATIONS INDEX

A.....OVERVIEW OF PRISONERS RIGHTS
    (ACLU HANDBOOK)........................................ 2

B.....PELL V. PROCUNIER
    417 U.S. 817, 41 L.Ed.2d 495
    94 S.Ct. 2800 (1974)............. Jun. 24, 1974..... 5

C.....PROCUNIER V. MARTINEZ
    416 U.S. 396, 40 L.Ed.2d 224
    94 S.Ct. 1800 (1800)............. Apr. 29, 1974..... 18

D.....WALI V. COUGHLIN
    754 F.2d 1015 (1985)............. Feb. 5, 1985..... 39

E.....TURNER V. SAFLEY
    482 U.S. 78, 96 L.Ed.2d 64
    107 S.Ct. 2254 (1987)............ Jun. 1, 1987..... 75

F.....THORNBURGH V. ABBOTT
    490 U.S. 401, 104 L.Ed.2d 459
    109 S.Ct. 1984 (1989)............ May. 15, 1989..... 98

G.....AMATEL V. HAWK
    U.S. DISTRICT OF COLUMBIA
    (NOT YET PUBLISHED).............. Aug. 12, 1997..... 118

H.....GUAJARDO V. ESTELLE
    580 F.2d 748 (1978).............. Sep. 20, 1978..... 151

I.....LAAMAN V. HANCOCK
    351 F.Supp. 1265 (1972).......... Dec. 4, 1972..... 166

J.....MORGAN V. VALLEE
    526 F.2d 221 (1975).............. Oct. 14, 1975..... 174

[Envelope scan]

Return address:
GEORGE BROOKS JR.
P.O. BOX 1000
LIVINGSTON, LA 70754

Postmark: BATON ROUGE LA 708 2 1, 04 FEB 2010 PM
Stamp: USA 44

Stamps on envelope:
SCREENED OK U.S. MARSHAL
UNCENSORED FEB 04 2010
LEGAL MAIL / PRIVILEGED MAIL

Addressed to:
CLERK OF COURT
U.S. DISTRICT COURT
MIDDLE DIST. OF LA
777 FLORIDA ST., SUITE 139
BATON ROUGE, LA 70801
70801+1717