UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


GEORGE BROOKS, JR. (DOC # 112526)

VERSUS                                    CIVIL ACTION

JIM BROWN, ET AL                          NUMBER 09-1015-JJB-DLD

RULING

Before the court is the plaintiff's Motion for Directed Verdict and/or Restraining Order which shall be treated as a motion for temporary restraining order.  Record document number 15.

Pro se plaintiff, an inmate currently confined at Livingston Parish Detention Center (LPDC), Livingston, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against LPDC Warden Jim Brown, LPDC classification officer Paul Kimble, Livingston Parish Sheriff Willie Graves, Louisiana Department of Public Safety and Corrections Secretary James M. LeBlanc and Louisiana State Penitentiary (LSP) Warden Burl Cain.  Plaintiff alleged that officials at the LPDC have refused to comply with a settlement agreement entered in *George Brooks, Jr. v. Richard L. Stalder, et al*, CV 00-953-JVP-DLD, in which Department of Corrections (DOC) and LSP officials agreed to allow the plaintiff to receive sexually explicit literature while he was confined in a single man cell within the DOC facility.

Plaintiff also filed a motion for temporary restraining in which he sought an order directing "any authority, agent, employee

or representative" from withholding any literature from him unless he has been proven to be untrustworthy or irresponsible.

In order to determine whether to issue a preliminary injunction the court must consider four factors:[1]

1.  the significance of the threat of irreparable harm to the plaintiff if the injunction is not granted;

2.  the state of balance between this harm and the injury that granting the injunction would inflict on the defendant;

3.  the probability that the plaintiff will succeed on the merits; and

4.  the public interest.

It is unlikely that the plaintiff will prevail on his claims against the defendants.[2] Any harm which may come to the plaintiff is likely to be minor rather than irreparable and it can be compensated for monetarily should the plaintiff prevail in this action.

Finally, the public interest in the issuance or denial of a preliminary injunction is minimal or non-existent in this case.

The plaintiff has not shown the exceptional circumstances needed for issuance of a temporary restraining order of the sort the plaintiff seeks. Therefore, his request for a temporary

---

[1]  Wright and Miller, <u>Federal Practice and Procedure: Civil</u>, § 2948, et seq.

[2] A magistrate judge's report was issued on February 1, 2010, recommending that the complaint be dismissed as frivolous. Record document number 12.

restraining order is denied.

      Baton Rouge, Louisiana, March ____11th____, 2010.

                     JAMES J. BRADY
                     UNITED STATES DISTRICT JUDGE